UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No. 4:99-cr-07-02-RLY-MGN |
| | ) | 4:00-cr-02-01-RLY-MGN |
| SHAUN DEMETRIUS MORAN, | ) | |
| | ) | |
| Defendant | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Richard L. Young, U.S. District Court Judge, on April 25, 2011, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on April 21, 2011, and to submit to Chief Judge Young proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e) and (g). An Initial Hearing in this matter was held on May 13, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583. The defendant, Shaun Demetrius Moran, appeared in person with his appointed counsel, Frank P. Campisano. The government appeared by A. Brant Cook, Assistant United States Attorney for Winfield Ong, Assistant United States Attorney. U.S. Probation appeared by Shelly McKee, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1

1. On May 13, 2011, Frank P. Campisano was present for the initial hearing and was appointed by the Court to represent Mr. Moran regarding the pending Petition on Offender Under Supervision.

2. A copy of the Petition on Offender Under Supervision was provided to Mr. Moran and his counsel.  The Magistrate Judge summarized the alleged violations, and, further, Mr. Moran and his counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Moran was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Moran was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Moran was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Moran was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Moran had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Chief Judge Young's designation entered on April 25, 2011.

7. Mr. Moran, by counsel, stated his readiness to waive the preliminary examination and proceed with the revocation hearing.  Mr. Moran then waived, in writing, the preliminary hearing.

8. The parties then advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

9. The parties stipulated the following in open Court:

   (a) As to Violation Numbers 1 through 7 of the Petition for Offender Under Supervision, the defendant admitted in open Court that he had violated these conditions.

   (b) The parties, by agreement, stipulated that disposition of this matter should be held in abeyance for sixty (60) days. During this time, Mr. Moran shall continue under the current terms and conditions of his supervised release, including submitting to drug testing as directed. A review hearing will be held at the conclusion of the sixty (60) day period to determine Mr. Moran's compliance with the terms of supervised release, and at that time, the Magistrate Judge would make a recommendation to the District Judge regarding the disposition of this matter.

10. The Court then proceeded to a revocation hearing upon the alleged violations of the Terms of Supervised Release, particularly as set out in Violation Numbers 1 through 7 of said Petition. The Court placed Mr. Moran under oath and inquired of him whether he admitted to the specifications alleged in the Petition on Offender Under Supervision, and Mr. Moran admitted the violations contained in Violation Numbers 1 through 7. The Court specifically inquired of Mr. Moran whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Mr. Moran that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Moran answered in the affirmative. The Court finds the admissions

were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 through 7. The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *"The defendant shall refrain from any unlawful use of a controlled substance."* |
| 2 | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."* |
| 3 | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered."*<br><br>As previously reported to the Court, on October 21 and 27, 2009, November 3, 13, 18, and 30, 2009, December 23, and 29, 2009, January 4 and 13, 2010, March 4, 2010 and January 19, 2011, Mr. Moran provided urine specimens which tested positive for marijuana. |
| 4 | *"The defendant shall participate in a program of testing and/or treatment for substance abuse as directed by the probation officer."*<br><br>As previously reported to the Court, Mr. Moran failed to report for a drug screen on December 21, 2010, and he provided drug screens which tested "diluted" or "abnormal" on December 4, 2009 and December 22, 2010. |
| 5 | *"The defendant shall refrain from any unlawful use of a controlled substance."* |
| 6 | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."* |
| 7 | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered."*<br><br>On February 17 and 23, 2011, Mr. Moran provided urine specimens which tested positive for marijuana. Mr. Moran admitted using marijuana and signed an admission report of positive urinalysis. A subsequent drug screen collected on March 9, 2011, tested negative. |

11. Based on the information available to the Court, the Court further finds the following:

    (1) Mr. Moran has a relevant criminal history category of I. *See,* U.S.S.G. §7B1.4(a).

    (2) The most serious grade of violation committed by Mr. Moran constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

    (3) Pursuant to U.S.S.G. §7B1.4(a) and (b)(3)(A), upon revocation of supervised release, the range of imprisonment applicable to Mr. Moran is 3 to 9 months on each case.

The Court, having heard the admission of the defendant, **NOW FINDS** that Mr. Moran violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 through 7 of the Petition. At this time the Court finds that the disposition of this matter shall be held in abeyance for sixty (60) days. During this time, Mr. Moran shall continue under the current terms and conditions of his supervised release, including submitting to drug testing as directed. The Magistrate Judge seeks to retain jurisdiction and sets this mater for a review and disposition hearing on **Friday, July 22, 2011 at 10:30 A.M., in Room 200, Lee Hamilton U.S. Courthouse, 121 W. Spring Street, New Albany, Indiana**. At that time the court will review Mr. Moran's compliance with the terms of his supervised release during the past sixty (60) days and make a supplemental recommendation to the District Judge regarding the final disposition of this matter.

**IT IS SO RECOMMENDED** this 17th day of May, 2011.

                                              Michael Naville
                                              United States Magistrate Judge
                                              Southern District of Indiana

Distribution:

A. Brant Cook
brant.cook@usdoj.gov

Winfield D. Ong
winfield.ong@usdoj.gov

Frank P. Campisano
frank@campisanolawoffice.com

U.S. Marshal

U.S. Probation Office
Attn: Shelly McKee